IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**UNITED STATES OF AMERICA,**

v.             **CRIMINAL NO. 2:17-CR-70**

**JULIO FERNANDO PINO,**

    **Defendant.**

## OPINION AND ORDER

On September 4, 2018, Julio Fernando Pino ("Defendant") appeared before the Court for sentencing. For the reasons set forth herein and explained at the hearing, Defendant's plea of guilty is hereby **VACATED** and this matter is set for trial on October 9, 2018 at 10:00 am.

### I. PROCEDURAL BACKGROUND

On May 3, 2017, Defendant was named in a nineteen-count criminal indictment charging him with Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A), 923(a), and 924(a)(1)(D) (Count One); False Statement During Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A) (Counts 2, 4-8, 10-15, 17); Interstate Transfer of a Firearm, in violation of 18 U.S.C. § 922(a)(5) and 924(a)(1)(D) (Count 3); Possession of Firearms in Federal Facilities, in violation of 18 U.S.C. § 930(b) (Count 9); Traveling Interstate To Promote Illegal Firearms Trafficking, in violation of 18 U.S.C. § 924(n) (Counts 16 & 19); and False Statements, in violation of 18 U.S.C. § 1001(a)(2) (Count 18). ECF No. 1.

On January 26, 2018, Defendant was named in a one-count Criminal Information, charging him with False Statement in Connection with Purchase of Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). ECF. No. 16. On January 29, 2018, Defendant appeared before this Court and pled guilty to Count One of the Criminal Information. ECF No. 23. On that same date,

1

the Court accepted Defendant's plea and found him guilty. ECF No. 20. Defendant's sentencing was set for September 4, 2018, at which time the Court held a hearing with all parties present and considered the problem of the guilty plea. The Court then vacated the guilty plea.

## II. FACTUAL HISTORY

According to the Statement of Facts stipulated to by the parties before sentencing, Defendant "engaged in the business of dealing firearms by using his military discount to purchase and resell firearms at a profit" "[f]rom on or about November 6, 2015, to [o]n or about January 21, 2017." ECF No. 21 at 1. Defendant "purchased at least 60 firearms, posted 146 times on firearms-marketplace website www.VAguntrader.com, advertised at least 50 firearms on firearms-marketplace website www.armslist.com, and resold at least 23 firearms at a profit." Id.

The Statement of Facts further stipulates that "[o]n or about March 12, 2016, Defendant purchased for $439.99 a Glock, Model 23, .40 caliber semi-automatic pistol, bearing serial number ABKC629US, from the Marine Corps Exchange." Id. In making this purchase, "Defendant completed an ATF Form 4473." Id. On the ATF Form 4473, Defendant "checked the box indicating that he was the actual buyer and transferee of the firearm even though he was really planning to resell the firearm for profit." Id. at 1-2. An individual "responded to one of the [D]efendant's advertisements for a Glock 23 handgun 2.5 hours after the [D]efendant had purchased the firearm." Id. at 2. Defendant proceeded to inform the individual "that the gun was brand new and was never fired." Id. "Later that day, the [D]efendant sold the Glock 23, which was in brand-new condition and packaged in the box with grip extensions, to [the individual] for $550." Id. Defendant then "recorded the transaction on his phone." Id.

2

## III. DISCUSSION

### A. FACTUAL BASIS FOR DEFENDANT'S GUILTY PLEA

The Court determines that there is no factual basis to support Defendant's plea of guilty. Defendant pled guilty to Count One of the Criminal Information, charging him with False Statement in Connection with Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). ECF. Nos. 20, 16. The factual basis for the plea agreement is based upon the theory that Defendant was never to be the owner or transferee of the subject firearm, and therefore made a false statement by indicating on the ATF Form 4473 that "he was the actual buyer and transferee of the firearm." ECF No. 21 at 1-2. The parties state that the Defendant was not "to be the owner or transferee of the subject firearm since he was going to immediately transfer the subject firearm to another for profit as he had done many times before." Id. at 2.

However, based on the facts set forth in the Statement of Facts, the Defendant was in fact the owner and transferee of the subject firearm, albeit for a brief period of time. Defendant purchased the firearm, representing on the ATF Form 4473 that he was the buyer. When Defendant purchased the firearm, there was no pre-determined or known third-party buyer to whom Defendant immediately transferred the firearm. Instead, hours after Defendant purchased the firearm, an individual responded to one of Defendant's advertisements. Later that day, the Defendant sold the firearm to such individual. Defendant was in possession of the firearm from the time he purchased the firearm to the time he resold the firearm later that day.

The Court is not aware of any case law supporting the theory that Defendant did not own the subject firearm during the period between his purchase and resale of the firearm. In every case this Court has analyzed in which a defendant was found guilty of making a false statement with respect to his status as the actual buyer or transferee on ATF Form 4473, the Defendant intended

3

to transfer the firearm to a known third-party at the time of purchase. See, e.g., United States v. Moore, 109 F.3d 1456, 1459-63 (9th Cir. 1997); United States v. Lawrence, 680 F.2d 1126, 1128 (6th Cir. 1982); United States v. Jackson, 2013 U.S. Dist. LEXIS 87858, at *12-17 (E.D. Va. June 20, 2013) (unpublished). As noted, Defendant did not intend to transfer the firearm to any known third-party in this case.

For these reasons, Defendant was in fact the owner and transferee of the subject firearm for a brief period of time. Therefore, there is no factual basis for finding Defendant guilty of making a false statement in connection with the purchase of a firearm.

### B. AUTHORITY TO VACATE

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this Court has "continuing authority to determine whether there is an adequate factual basis to support a plea of guilty" prior to sentencing. United States v. Blunt, 540 F. Supp. 2d 664, 665 (E.D. Va. 2008) (citing United States v. Ventura-Cruel, 356 F.3d 55, 60 (1st Cir. 2003)). As the Court has determined that there is an insufficient factual basis to support the plea it previously accepted, the Court now exercises its authority to vacate Defendant's plea.

## III. CONCLUSION

Accordingly, Defendant's plea of guilty is hereby **VACATED**.

It is necessary to **RESET** this case for trial, and the Court **FINDS** that it is essential that the trial date be set at a time when counsel can be available and that the nearest available date is **October 9, 2018 at 10:00 am**. This Court **FINDS** in the interest of justice that this case shall be tried on **October 9, 2018 at 10:00 am** notwithstanding any requirements for a sooner trial date.

4

The Clerk is further **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

(ENTER NUNC PRO TUNC SEPTEMBER 4, 2018)
Norfolk, VA
September 6, 2018